The opinion of the Court was delivered by
Gibson J.
Proof of execution must be made by two witnesses, each of whom must separately depose to all facts necessary to complete the chain of evidence, so that- no link in it may depend on the credibility of but one. Where the evidence is positive, there can be no difficulty, for the witnesses then attest the simple fact of execution itself; but where the evidence of one, or both, is circumstantial, each must make proof complete in itself; so that, if the act of assembly were out of the question, the case would be well made out, by the evidence of either. Circumstantial proof cannot, therefore, be made by two or more witnesses alternating with each other, as to the different parts of the aggregate of circumstances which are to make up the necessary sum of proof; the evidence of each not going to the whole-. Taking for granted, then, that Charrington’s evidence was sufficient on his part, was there complete proof by Rodernel, and had his evidence any necessary connexion with the supposed will? Charrington deposes, that after the instru *48 ment was prepared, and the testator declared himself willing to sign it, he asked, which of the neighbours should subscribe it as a witness. The testator proposed Rodernel, but on the witness offering to go for him, the testator, after a little consideration, said, he knew he was busy about making hay; he thought he would not like to be hindered at that time, and he would therefore postpone the matter for a few days, until the hurry of work was over. Rodernel, deposes, that the testator came to him, during the same summer, where he was making hay, and said, that Charrington had drawn his will, and he wished Rodernel to go with him, to sign it as a witness. Rodernel replied, it would not suit him to go, as he was hay making; and on this, the testator said it would do at another time. This is all the material evidence. The defect in it is, there is nothing to shew that the declarations of the testator referred to the will produced. Charrington may, for any thing that appears, have drawn more than one will. Take it, that he swears he drew but one, (and without this, the declarations of the testator can in no way be connected with the supposed will,) still that part of the case would depend on the evidence of but one witness. Strike out Charrington’s evidence, and how will the case stand ? There would be a very material link wanting to connect the testator’s declarations with the paper in question. It is said, these two witnesses mutually strengthen and support each other. So much the worse. Each must be competent to the whole proof, without aid borrowed from the other. Nor should the case, as contended, have been left to the jury, to enable them to draw possible inferences and conclusions from facts indubitably proved: the jury would have doubtless believed the whole matter, on the credit of Charrington alone: but where there is not such proof as the law exacts, the Court is bound to direct the jury, be their belief what it may, to find against the party failing. If the testator, in his- conversation with Rodernel, had mentioned the substance of the contents of his will; or if it had been shewn to have been found among his papers at his death; there would have been at least a circumstance to leave to the jury, for the purpose of connecting his declarations', with the paper in question : but, as the evidence stood, there was nothing. We are therefore of opinion, that the judgment be affirmed.
Judgment affirmed!